IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

YONNAS SEY FU PARKER,

      Plaintiff,

  vs.                                                    Civ. No. 20-16 KG/KK

CATHY ANDERSON,

      Defendant.

## ORDER DISMISSING WITHOUT PREJUDICE

THIS MATTER is before the Court *sua sponte* upon its review of the record. For the following reasons, this case will be DISMISSED WITHOUT PREJUDICE.

On January 7, 2020, Plaintiff filed a Complaint using the standard form this Court provides to pro se litigants to bring civil rights claims under 42 U.S.C. § 1983, as well as a motion to proceed *in forma pauperis*. (Docs. 1, 3.) Because he described the nature of his case as "Social Security Disability and or Above" (Doc. 1 at 2) and because it was unclear to the Court whether Plaintiff is appealing a final decision of the Social Security Administration[1] or bringing a civil rights action under 42 U.S.C. § 1983, the Court issued an Order to Cure Deficiency on January 9, 2020, ordering Plaintiff to file an amended complaint within thirty (30) days. (Doc. 6.) The Court's records indicate that a copy of its order was mailed to Plaintiff at his address of record. No amended complaint was ever filed.

---

[1] Attached as an exhibit to Plaintiff's Complaint is the Social Security Administration's Notice of Order of Appeals Council Dismissing Request for Review, which is signed by Defendant in her capacity as an Administrative Appeals Judge. (Doc. 1-1 at 2-4.)

On March 10, 2020, the Court granted Plaintiff's motion to proceed *in forma pauperis* and ordered Plaintiff to show cause within twenty-one (21) days why his Complaint should not be dismissed without prejudice. (Doc. 7.) The Court found that Plaintiff's Complaint fails to state a claim on which relief may be granted and that Plaintiff had failed to comply with the Court's Order to Cure Deficiency, either of which provides grounds to dismiss the Complaint. (*Id.* at 2-3.) The Court warned Plaintiff that failure to comply with its order to show cause "may result in dismissal of this case without further notice." (*Id.* at 3.) The Court's records indicate that a copy of its March 10, 2020 order was also mailed to Plaintiff at his address of record. As of the date of this writing, Plaintiff has not filed any additional pleadings and has failed to show cause why his Complaint should not be dismissed.

Federal Rule of Civil Procedure 41 provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Additionally, in proceedings *in forma pauperis*, the Court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).

Upon its initial review of Plaintiff's Complaint, the Court identified deficiencies in the pleading and afforded Plaintiff an opportunity to cure those deficiencies, even providing specific

direction to Plaintiff regarding what he needed to address and clarify in filing an amended complaint. (Doc. 6.) Plaintiff failed to comply with the Court's Order to Cure Deficiency and never filed an amended complaint. Left, then, to consider Plaintiff's Complaint as originally filed, the Court found that Plaintiff's Complaint fails to state a claim on which relief can be granted. (Doc. 7.) The Court afforded Plaintiff another opportunity to address the deficiencies with his Complaint and expressly warned Plaintiff that failure to comply with the Court's order may result in dismissal of his case. (*Id.*) Plaintiff failed to heed the Court's warning and has not shown cause why his claims should not be dismissed.

IT IS THEREFORE ORDERED that because (1) Plaintiff's Complaint fails to state a claim on which relief may be granted as explained in the Court's last order, (2) Plaintiff has twice failed to comply with the Court's orders, which specifically afforded Plaintiff opportunities to cure the deficiencies in his Complaint in order to avoid early dismissal, and (3) Plaintiff has failed to prosecute his case, Plaintiff's action is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE